UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUKE WEST** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-1294** |
| **JAMES CRAWFORD, III** | **SECTION I** |

### ORDER AND REASONS

Plaintiff Luke West asks this Court to intervene with a preliminary injunction and a writ of mandamus in connection with his ongoing military justice proceedings.[1] West argues that this Court's intervention is urgently needed because this Court's review will be more circumscribed in collateral proceedings and because West will be forced to expend significant funds in the ongoing military justice proceedings.

West's attempted end-run around the traditional limits on judicial review of military justice proceedings is blocked by Supreme Court precedent. In *Schlesinger v. Councilman*, the Supreme Court held "that when a serviceman charged with crimes by military authorities can show no harm other than that attendant to resolution of his case in the military court system, the federal district courts must refrain from intervention, by way of injunction or otherwise." 420 U.S. 738, 758 (1975). Under *Councilman*, federal courts must generally abstain from intervention in military justice proceedings "unless all available military remedies have been exhausted." *Id.*

---

[1] R. Doc. Nos. 1, 5. West requests that the Court preclude the Judge Advocate General from (1) supplementing the record of West's court martial and (2) reopening the review of West's court martial. West also requests that the Court order the Judge Advocate General to either (1) dismiss the charges against West or (2) order a retrial. R. Doc. No. 5-1, at 1-2.

This matter—which primarily concerns the parties' competing views as to proper post-trial procedure under the Rules for Court Martial and the Uniform Code of Military Justice—presents the archetypical situation where *Councilman* abstention is warranted. There is, quite simply, no justification for this Court's present involvement in this dispute that "outweighs the strong considerations favoring exhaustion of remedies or that warrants intruding on the integrity of military court processes." *Councilman*, 420 U.S. at 761.

Accordingly, as *Councilman* abstention is appropriate to prevent unnecessary friction between the civilian and military court systems, the Court will accept West's invitation[2] to consolidate the merits of the mandamus petition with the Court's consideration of the motion for a preliminary injunction. The Court dismisses the mandamus petition without prejudice so that West may exhaust his available remedies pursuant to *Councilman*. The motion for a preliminary injunction will be dismissed as moot. This Court expresses no view on the underlying validity of West's complaints.

Accordingly,

**IT IS ORDERED** that the petition for a writ of mandamus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion for a preliminary injunction is **DISMISSED AS MOOT**.

---

[2] *See* R. Doc. No. 14, at 2 ("FRCP Rule 65(a)(2) provides that the merits of the underlying action may be consolidated with the merits of the motion for preliminary injunction.").

New Orleans, Louisiana, April 6, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**