# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUKE WEST | CIVIL ACTION |
| VERSUS | No. 17-1294 |
| JAMES CRAWFORD, III | SECTION I |

### ORDER AND REASONS

The government's motion[1] to seal presents the question of what this Court should do about potentially sensitive, yet nonetheless minimally relevant documents attached to a frivolous mandamus petition. The government argues that the potentially sensitive documents should be sealed or, at the very least, redacted to remove sensitive information.

A bit of background is helpful when evaluating the present motion. Luke West's mandamus petition sought relief—federal court intervention in his ongoing military justice proceedings—that was barred by Supreme Court precedent. *See Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975) ("[W]hen a serviceman charged with crimes by military authorities can show no harm other than that attendant to resolution of his case in the military court system, the federal district courts must refrain from intervention, by way of injunction or otherwise."). This Court, as precedent required, dismissed West's petition without prejudice. *See* R. Doc. No. 15.

That brings us to the motion before the Court. The parties dispute whether this Court should seal certain ancillary documents to West's quixotic filings. In

---

[1] R. Doc. No. 17.

particular, the government argues that the transcript and summary of West's military justice proceedings should remain under seal due to personally identifiable information in the documents. The government suggests that the filing of the unredacted transcript into the record violated the Privacy Act and certain other regulations. West counters that release of the transcript is critical to his counsel's ability to zealously defend West and that the transcript is of interest to the public so that they can understand and evaluate the military justice proceedings. West also argues that the filing of the unredacted documents was in full compliance with all applicable laws and regulations.

West's first justification—that the release of the transcript and the summaries is critical to his ability to zealously defend his client—fails to persuade. After all, even if the transcripts were filed under seal (as the government repeatedly requested) that would not prevent this Court from reviewing each and every word in the transcripts.

To the extent that West wants to rely on filing the documents publically to advance his client's case, that largely leads back to West's contention that the public interest favors the public release of the documents. On that point, the Court certainly agrees with West in part: "[T]he public has a common law right to inspect and copy judicial records," *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993), and that right of access is critical to ensuring public confidence in both the civilian and military judicial processes. Nonetheless, the presumption of a right of access "is not
2

absolute" and this Court has the discretion to prevent its docket from being used as "a vehicle for improper purposes." *Id.* (internal quotation marks omitted).

After considering all the applicable factors as well as the record here, the Court concludes that its docket is being used by West for improper purposes. Two primary factors drive the Court's conclusion that sealing is appropriate.

First, the documents at issue are minimally relevant to the merits of the mandamus petition. It is the procedural posture of West's military justice proceedings—and not their content—that dictates the outcome of this matter. *See, e.g., Councilman*, 420 U.S. at 759-60 ("[Petitioner] was on active duty when the charges against him were brought. There is no question that he is subject to military authority and in proper cases to disciplinary sanctions levied through the military justice system. We see no injustice in requiring [petitioner] to submit to a system established by Congress and carefully designed to protect not only military interests but his legitimate interests as well."). Public review of the contents of the transcripts is not necessary or even particularly useful if a member of the public wanted to evaluate the correctness of this Court's dismissal of West's petition.

Second, West's petition is frivolous and asks for relief that this Court could not possibly grant under *Schlesinger*. Indeed, this Court has substantial concerns that the entire mandamus petition was a subterfuge to obtain discovery and then to use the Court's docket to publically release documents.

Not sealing the documents would improperly permit West to circumvent the military court system. This Court abstained from addressing the merits of West's

3

petition under *Councilman* "to prevent unnecessary friction between the civilian and military court systems." R. Doc. No. 15, at 2. Yet, resolving the sealing dispute in West's favor would again require this Court to thrust itself into the middle of live disputes arising out of West's military proceedings. *Compare, e.g.*, R. Doc. No. 22, at 5-7 (arguing about the proper interpretation of JAG professional conduct rules), *with* R. Doc. No. 20, at 11-12 (same). This Court is not the proper body to be resolving those issues in the first instance. Those determinations, as with all others in West's case, properly belongs to the military. *Cf. Councilman*, 420 U.S. at 758 ("[I]mplicit in the congressional scheme embodied in the Code is the view that the military court system generally is adequate to and responsibly will perform its assigned task. We think this congressional judgment must be respected . . . .").

The Court finds that the need to prevent abuse of its docket and circumvention of the military court system outweighs the public's interest in learning more about West's military justice proceedings. Thus, although West may well be correct that many pieces of information that the government seeks to seal here may already be available publically, *see* R. Doc. No. 25 at 10, this proceeding—which should never have begun in the first place—remains an inappropriate vehicle for West to smuggle *new* information into the public record.

The Court will grant the government's motion to seal.[2] Nonetheless, because the government represented to the Court that the government would be amendable

---

[2] A final warning is appropriate. This order merely limits public access to the precise documents that were filed into the record (*i.e.*, the final documents with the ECF stamps on them). This Court *has not* entered a protective order concerning any

4

to filing redacted versions of the documents into the record, R. Doc. No. 17-1, at 4, the Court will so order so as to avoid unnecessarily shielding information from public scrutiny.

Accordingly,

**IT IS ORDERED** that the government's motion to seal, R. Doc. No. 17, is **GRANTED**. R. Doc. No 5-3, R. Doc. No. 11-3, R. Doc. No. 12-5, and R. Doc. No. 14-3 be and hereby are **SEALED**. The government shall file redacted copies of the above documents into the record no later than **June 2, 2017**. The government *shall not* redact any information that has been made available without objection in E.D. La. No. 15-2512 or 5th Cir. No. 16-30919.

New Orleans, Louisiana, April 26, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

documents that the government voluntarily gave to West's counsel. Nor has this Court resolved the parties' dispute regarding the applicability of the Privacy Act or any other regulation.

Thus, even after this order, *this Court* will have imposed no legal limit on counsel's ability to disseminate documents in his possession—other than the final filed versions of the documents sealed in this matter—to anyone, whether it be the *New York Times* or whatever other medium counsel chooses. However, should counsel do so, he should be aware that he acts at his own legal risk.